UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY W. PAIGE,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE CUEVAS,<br><br>Defendant. | No. 2:14-cv-2773 GEB DAD PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, Timothy Paige, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)). See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

1

bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Moreover, jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v.

1    Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37

2    (1992).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears

3    affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting

4    Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

5           Lack of subject matter jurisdiction may be raised by the court at any time during the

6    proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir.

7    1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has

8    subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the

9    obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux v.

10   Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court

11   cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

12          The burden of establishing jurisdiction rests upon plaintiff as the party asserting

13   jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)

14   (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,

15   implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy

16   within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)

17   (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly

18   insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of

19   jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even

20   "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction

21   . . . and may be dismissed sua sponte before service of process.").

22          Here, plaintiff's complaint alleges that this action was brought pursuant to 42 U.S.C. §

23   1983.  Title 42 U.S.C. § 1983 provides that,

24   > [e]very person who, under color of [state law] ... subjects, or causes
     > to be subjected, any citizen of the United States ... to the
25   > deprivation of any rights, privileges, or immunities secured by the
     > Constitution and laws, shall be liable to the party injured in an
26   > action at law, suit in equity, or other proper proceeding for redress.

27          In order to state a cognizable claim under § 1983 the plaintiff must allege facts

28   demonstrating that he was deprived of a right secured by the Constitution or laws of the United

1   States and that the deprivation was committed by a person acting under color of state law.  West

2   v. Atkins, 487 U.S. 42, 48 (1988).  It is the plaintiff's burden in bringing a claim under § 1983 to

3   allege, and ultimately establish, that the named defendants were acting under color of state law

4   when they deprived him of a federal right.  Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

5   　　　Here, plaintiff's complaint alleges that defendant Eddie Cuevas, identified as plaintiff's

6   bail bondsman, "cosigned for a (sic) apartment" for plaintiff and then, "without consent" entered

7   the apartment "and took all properties" from the residence because plaintiff "was late [with]

8   payments."  (Compl. (Dkt. No. 1) at 3.)  Plaintiff's complaint contains no allegations suggesting

9   that the named defendant was acting under color of state law when the allegedly wrongful

10  conduct occurred.  See United States v. Poe, 556 F.3d 1113, 1124 (10th Cir. 2009) ("Because the

11  bounty hunters did not intend to assist law enforcement, they are not state actors"); Ouzts v.

12  Maryland Nat. Ins. Co., 505 F.2d 547, 555 (9th Cir. 1974) ("the bondsman was acting to protect

13  his own private financial interest and not to vindicate the interest of the state"); Dixon v.

14  Wesbrook, No. 1:11-cv-1290 AWI JLT, 2012 WL 6160797, at *6 (E.D. Cal. Dec. 11, 2012)

15  ("The Ninth Circuit has found that bounty hunters and bail bond agents are not state actors acting

16  under color of state law for purposes of Section 1983."); Erwin v. Byrd's Bail Bonding, C/A No.

17  2:10-1948 CWH RSC, 2010 WL 3463881, at *2 (D. S.C. Aug. 5, 2010) ("It is well-settled that

18  bail bonding companies and bail bondsmen do not act under color of state law."); Leverton v.

19  Garner, No. Civ. A. G-05-295, 2006 WL 1350243, at *2 (S.D. Tex. May 15, 2006) ("Bondsmen

20  are private citizens who do not act 'under color of state law'").

21  　　　Accordingly, plaintiff's complaint should be dismissed for lack of subject matter

22  jurisdiction.

23  　　　　　　　　　　　　　　　LEAVE TO AMEND

24  　　　The undersigned has carefully considered whether plaintiff may amend his pleading to

25  state a claim over which the court would have subject matter jurisdiction.  "Valid reasons for

26  denying leave to amend include undue delay, bad faith, prejudice, and futility."  California

27  Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also

28  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)

4

(holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the obvious lack of subject matter jurisdiction, the undersigned finds that it would be futile to grant plaintiff leave to amend in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's November 25, 2014 application to proceed in forma pauperis (Dkt. No. 2) be denied;

2. Plaintiff's November 25, 2014 complaint (Dkt. No. 1) be dismissed without leave to amend; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 1, 2015

*[Signature: Dale A. Drozd]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\paige2773.ifp.den.f&rs.docx